Christopher J. Capalbo, Esq. (State Bar No. 222521)
Chalsie D. Keller, Esq. (State Bar No. 309283)
SIEGEL, MORENO & STETTLER, APC
1011 Camino del Rio South, Suite 600
San Diego, CA 92108
(619) 525-7626
(619) 525-7685 Facsimile

Attorneys for Plaintiff, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. for STARSTONE NATIONAL INSURANCE COMPANY as real party in interest

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. for STARSTONE NATIONAL INSURANCE COMPANY as real party in interest,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE; THE UNITED STATES OF AMERICA; and DOES 1 to 20, inclusive,<br><br>Defendants. | CASE NO.: 2:19-CV-10962<br><br>COMPLAINT FOR SUBROGATION |

Plaintiff SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. for STARSTONE NATIONAL INSURANCE COMPANY as real party in interest, complains and alleges against Defendants UNITED STATES POSTAL SERVICE; THE UNITED STATES OF AMERICA; and DOES 1 to 20, inclusive, and each of them, as follows:

**JURISDICTION, VENUE, AND GENERAL ALLEGATIONS**

1. This is a civil action against THE UNITED STATES OF AMERICA brought pursuant to Federal Tort Claims Act, 28 U.S.C. Sec. 2671, *et seq*. Jurisdiction is proper pursuant to 28 U.S.C. §1346.

2. This Court has jurisdiction over this action and Defendants THE UNITED STATES POSTAL SERVICE (hereinafter referred to as the "USPS") and THE UNITED STATES

1
COMPLAINT FOR SUBROGATION

1  OF AMERICA have waived sovereign immunity and are amenable to suit. Federal
2  Tort Claims Act, 28 U.S.C. Sec. 2671, *et seq* and 39 U.S.C. § 409, *et seq*.
3. Venue is proper in this Court pursuant to 28 U.S.C. Sec. 1391(b) and 28 U.S.C. §1402., as the events, acts and omissions complained of herein occurred within this judicial district.
4. Injured Worker Marisela Iniguez is an individual, and at all relevant times mentioned herein, was a resident of the State of California, and a citizen of the United States of America.
5. Party in interest STARSTONE NATIONAL INSURANCE COMPANY is and was a Delaware Corporation authorized to transact business in the State of California as an insurer and insured Marisela Iniguez's employer, CAMELOT ENTERPRISES, INC., for workers' compensation benefits at the time of the incident.
6. Plaintiff SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., is and was an Illinois Corporation authorized to transact business in the State of California as an insurer and as an insurance administrator and was the administrator of the workers' compensation claim filed with STARSTONE NATIONAL INSURANCE COMPANY as a result of the incident.
7. At all relevant times mentioned herein, Defendants UNITED STATES POSTAL SERVICE; THE UNITED STATES OF AMERICA; and DOES 1 to 20, inclusive owned, maintained, operated and controlled a loading dock at the USPS Los Angeles location, 7001 South Central Ave, Room 368, Los Angeles, CA 90052.
8. At all relevant times herein, Defendants UNITED STATES POSTAL SERVICE; THE UNITED STATES OF AMERICA; and DOES 1 to 20, inclusive, had a duty to use reasonable care in the maintenance of the loading docks at its USPS physical locations. The duties owed to the Injured Worker and those similarly situated, as well as Plaintiff in its capacity as the distributor of workers' compensation benefits, were not discretionary and therefore defendants are not immune from suit due to any discretionary function exception to the waiver of sovereign immunity. Federal

2
COMPLAINT FOR SUBROGATION

Tort Claims Act, 28 U.S.C. Sec. 2671, *et seq*.

9. That at all times mentioned herein, UNITED STATES POSTAL SERVICE is a governmental entity. That a claim was filed with the UNITED STATES POSTAL SERVICE and rejected. This complaint is timely filed within the 6 month period as per Govt. Code §945.6.

10. Pursuant to the Federal Tort Claims Act, 28 U.S.C. Sec. 2675, on July 30, 2018, Plaintiff submitted a written claim for injury to Defendant USPS.

11. On or about July 1, 2019, Defendant USPS denied Plaintiff's claim.

12. That plaintiff is ignorant of the true names or capacities, be they corporate associate, individual, or otherwise of defendants sued herein by the fictitious names of DOES 1 through 20, and each of them, and plaintiff will ask leave of this Court to amend this Complaint to reflect the true names and capacities of said fictitiously named defendants when the same have been ascertained.

## FIRST CAUSE OF ACTION

### (Subrogation for Negligence against All Defendants)

13. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 12 herein.

14. At all relevant times mentioned herein, Injured Worker Marisela Iniguez was employed as a Mail Carrier, picking up packages for distribution.

15. In August 2019, Marisela Iniguez was employed to pick up mail at the USPS location, 7001 South Central Ave, Room 368, Los Angeles, CA 90052, through her employer CAMELOT ENTERPRISES, INC.

16. On or about August 1, 2016, Marisela Iniguez was in the process of pushing a cart into her truck, loading her truck with mail, when her right foot slipped into a gap between a side bumper and the dock.

17. This gap was described as being approximately six inches wide and having metal on each side

18. As a result of her slipping, Marisela Iniguez's right foot fell through the gap injuring

3

her leg from her foot to her upper thigh.

19. Prior to August 1, 2016, Defendants, and each of them failed to maintain the USPS Los Angeles location premises so as to prevent injuries of this type from occurring.

20. The aforementioned acts and omissions constituted a breach of the duty of care owed to the Injured Worker and thereby to Plaintiff by Defendants, and each of them.

21. The injury sustained by Injured Worker was caused by the negligent, careless, and wrongful acts and/or omissions to act of USPS by and through its agents, servants, and employees, acting within the scope of their agency/employment.

22. As a direct and proximate result of the actions and inactions of Defendants, and each of them, as described herein, Injured Worker made a claim through her employer for Workers' Compensation benefits.

23. As a direct and proximate result of the actions and inactions of Defendants, and each of them, as described herein, Plaintiff has, to date, paid to will be required to pay to or otherwise on behalf of Marisela Iniguez, the sum of $119,340.03. Pursuant to the terms of the aforementioned policy of workers' compensation insurance, Plaintiff thereby became subrogated to all of the rights of, and entitled to enforce all remedies of said Injured Worker against Defendants and each of them, to the extent of said rights.

24. As a direct and proximate result of the actions and inactions of Defendants, and each of them, as described herein, Plaintiff has incurred economic damages, including but not limited to medical benefits of $58,129.89 and indemnity benefits of $61,210.14 and will continue to incur economic damages, in an amount to be proven at trial, as the workers' compensation claim remains open at this time. Plaintiff, under its policy, paid, or anticipates to be required to pay, to or on behalf of its insured and Injured Worker the sum of $119,340.03 and became subrogated to those damages pursuant to California Labor Code §3850, *et seq*.

///

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff prays judgment as against Defendants, and each of them, as follows:

1. For the sum of $119,340.03, the total benefits paid at this time, less expenses.
2. For costs of suit incurred herein;
3. For such other and further relief as the Court may deem just and proper.

Dated:  December 30, 2019          Respectfully submitted,

SIEGEL, MORENO & STETTLER

By:_____/s/_____
Christopher J. Capalbo, Esq.
Chalsie D. Keller, Esq.
Attorneys for Plaintiff, SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. for STARSTONE NATIONAL INSURANCE COMPANY as real party in interest